UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                  CRIMINAL ACTION

VERSUS                                    No. 25-03

JOEL MAGEE                                SECTION: "J"(5)

## ORDER & REASONS

Before the Court are Defendant, Joel Magee's, *Motion to Dismiss Count Four of the Indictment* **(Rec. Doc. 23)** and the Government's response (Rec. Doc. 30). In this instant motion, Defendant Magee seeks to dismiss Count Four of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(1) and 12(b)(3)(B). Count Four alleges that Magee "did knowingly possess machine guns" in violation of 18 U.S.C. § 922(o). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On January 3, 2025, Magee was charged in a four-count Indictment with various crimes. Count One charged Magee with knowingly and intentionally possessing with the intent to distribute a quantity of a mixture or substance containing a detectable amount of tapentadol, violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Two charged Magee with knowingly possessing firearms in furtherance of a drug trafficking crime, violating 18 U.S.C. § 924(c)(1)(A)(i). Count Three charged Magee with being a felon in possession of firearms, having previously been convicted of possession with the intent to distribute marijuana in 2018, violating

18 U.S.C. WW 922(g)(1) and 924(a)(8). Count Four charged Magee with possession of machineguns, violating 18 U.S.C. §§ 922(o) and 924(a)(2).

In this instant motion, Magee seeks dismissal of Count Four—possession of machine guns—pursuant to Federal Rule of Criminal Procedure 12(b)(1) and 12(b)(3)(B).

## LEGAL STANDARD

A party may challenge an indictment for failing to state an offense pursuant to Federal Rules of Criminal Procedure 12(b), which permits a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. Proc. 12(b)(1). "The propriety of granting a motion to dismiss an indictment. . . is by and large contingent upon whether the infirmity in the persecution is essentially one of law or involves determination of fact." *U.S. v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005) (citations and internal quotations omitted). "If a question of law is involved, then consideration of the motion is generally proper." *Id.* (citations and internal quotations omitted). "If the Court finds that after resolving the questions of law, the defendant could not be found criminally liable; the court should grant the motion to dismiss." *United States v. Kohll's Pharmacy and Homecare Inc.*, No. 17-39, 2017 WL 2951580, at *1 (W.D. La. July, 6, 2017).

## DISCUSSION

In this instant motion, Margee argues Count Four should be dismissed because 18 U.S.C. § 922(o) is unconstitutional for the following reasons: (1) "as applied to [Magee], § 922(o) violates the Second Amendment because it infringes on

the right to keep arms, and the [G]overnment cannot show that it 'is consistent with the principles that underpin our regulatory tradition'"; and (2) "§ 922(o) exceeds Congress's authority under the Commerce Clause, because it does not regulate a person's economic activity, but instead criminalizes mere possession." (Rec. Doc. 23-1, at 2). The Court will address each challenge, starting with Magee's Commerce Clause challenge.

### A. Commerce Clause Challenge

In challenging § 922(o) on Commerce Clause grounds, Magee concedes such challenge is foreclosed but raised "solely to preserve it for further review." *Id.* at 1. The Fifth Circuit, in *United States v. Kirk*, held that manufacturing, transferring, and possession of machine guns does substantially affect interstate commerce, and that § 922(o) is a rational exercise of Congress's Commerce Clause power. *United States v. Kirk*, 105 F.3d 997, 998 (5th Cir. 1997), *aff'd by*, *United States v. Knutson*, 113 F.3d 27, 30 (5th Cir. 1997) ("It is obvious 'to the naked eye' that the transfer and possession of machineguns has a substantial effect on interstate commerce."). Thus, § 922(o) does not exceed Congress's authority under the Commerce Clause and is constitutional. Accordingly, the Court finds Magee's motion, challenging § 922(o) on Commerce Clause grounds, should be denied as Magee's argument is foreclosed. The Court now moves on to address Magee's Second Amendment challenge to § 922(o).

### B. Second Amendment Challenge

In response to Magee's Second Amendment challenge, the Government argues the motion should be denied because precedent set by the Supreme Court in *United*

*States v. Miller*, 307 U.S. 174 (1939) and *District of Columbia v. Heller*, 554 U.S. 570 (2008), and precedent set by the Fifth Circuit in *Hollis v. Lynch*, 817 F.3d 436 (5th Cir. 2016), establish that regulations of machineguns fall outside the Second Amendment's protection. (Rec. Doc. 30, at 1). Additionally, the Government argues that such precedent was not altered by *New York State Rife & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). *Id.* Thus, the Government concludes the Defendant's argument that § 922(o) is unconstitutional under the Second Amendment is without merit. *Id.* The Court agrees.

In *Miller*, the Supreme Court recognized a limitation on the Second Amendment, holding that the National Firearms Act's prohibition on transporting unregistered short-barreled shotguns was constitutional under the Second Amendment. *Miller*, 307 U.S. at 178. Specifically, the Supreme Court held "In the absence of any evidence tending to show that possession or use of a 'shotgun having a barrel of less than eighteen inches in length' at this time has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an instrument." *Id.*

In *Heller*, the Supreme Court recognized that the Second Amendment "conferred an individual right to keep and bear arms"; however, it also recognizes that "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Heller*, 554 U.S. at 595, 626. Discussing limitations of the Second Amendment, *Heller* affirmed *Miller* and further explained that *Miller* did not limit

the right to keep and bear arms to militia purposes, rather the basis for saying that the Second Amendment protection did not apply in *Miller* was "that the type of weapon at issue was not eligible for Second Amendment protection." *Id.* at 622. Concluding its explanation of *Miller*, the Supreme Court stated "We therefore read *Miller* to say only that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns. That accords with the historical understanding of the scope of the right." *Id.* at 625. Further, the Court wrote

> *Miller* said, as we have explained, that the sorts of weapons protected [by the Second Amendment] were those 'in common use at the time.' We think that limitation is fairly supported by the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'

*Id.* at 627. Accordingly, *Heller* holds that the Second Amendment does not protect weapons that which are "not in common use at the time" of the Second Amendment's passage and not "typically possessed by law-abiding citizens for lawful purposes." *Id.* at 625, 627.

In *Hollis*, the Fifth Circuit, relying on *Heller*, held "[m]achineguns are dangerous and unusual and therefore not in common use. They do not receive Second Amendment protection." *Hollis*, 817 F.3d at 451. Thus, the Fifth Circuit held that § 922(o) did not violate the Second Amendment. *Id.*; *see also Bezet v. United States*, 714 Fed. App'x 336, 340–41 (5th Cir. 2017) ("[T]he Second Amendment confers no right to possess a machinegun.").

In *Bruen*, the Supreme Court held "that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside

the home." *Bruen*, 597 U.S. at 9. In doing so, *Bruen* abrogated the means-end scrutiny framework that the Fifth Circuit previously used to evaluate firearm regulations, thus partially abrogating *Hollis's* means-end scrutiny anaylsis. *Id.* at 17. *Bruen* instructs courts that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* Then, under the second step of the *Bruen* analysis, the Government must demonstrate that the challenged statute or regulation is "consistent with the Nation's historical tradition of firearm regulation. *Id.*

Relevant here, the Court finds that *Bruen* does not disturb *Heller's* and *Hollis's* long standing restrictions on ownership of particular types of dangerous weapons, i.e., machineguns. First, in *Bruen*, the Supreme Court explained that *Heller* relied on text and history—not the means-end scrutiny test (which *Bruen* abrogated)—when analyzing the constitutionality of firearm regulations under the Second Amendment. *Id.* at 22–23. The Supreme Court, in *Bruen*, explicitly noted that *Heller*'s holding was "fairly supported by the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'" *Id.* at 21.

Second, Justice Kavanaugh's concurrence in *Bruen*, which Chief Justice Roberts joined, reiterated limitations on the right to carry arms; and further supports this Court's finding that *Bruen* did not disturb *Heller's* and *Hollis's* restriction of particular types of dangerous weapons, including machineguns. Justice Kavanaugh further clarifies *Bruen's* holding, explaining:

> [A]s *Heller* and *McDonald* established and the Court today again
> explains, the Second Amendment 'is neither a regulatory straightjacket

nor a regulatory blank check.'. . .Properly interpreted, the Second Amendment allows a 'variety' of gun regulations. *Heller*, 554 U.S. at 636.

*Id.* at 80. Concluding, Justice Kavanaugh's cites Justice Scalia's opinion in *Heller*:

'We also recognize another important limitation on the right to keep and carry arms. *Miller* said, as we have explained, that the sort of weapons protected were those in common use at the time. We think that limitation is fairly supported by the historical tradition of prohibiting the carrying of dangerous and unusual weapons.' [citations omitted].

*Id.* at 81. (citing *Heller*, 554 U.S. at 626–627 and n. 26 128 S. Ct. 2783 and *McDonald*

*v. City of Chicago, Ill.*, 561 U.S. 742, 786) (cleaned up).

Third, Justice Alito's concurrence in *Bruen*, further establishes that *Bruen* did

not alter the precedent that regulations of machineguns fall outside the Second

Amendment's protection. Concurring, Justice Alito states

Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Noes does it decide anything about the kinds of weapons that people may possess. *Nor have we disturbed anything that we said in Heller* or *McDonald v. Chicago*, 561 U.S. 742 (2010), *about restrictions that may be imposed on the possession or carrying of guns.*

*Id.* at 72. (emphasis added) (internation citations omitted).

Lastly, numerous other district courts have held that challenges to §922(o) post

*Bruen* fail because machineguns are dangerous and unusual weapons, outside the

scope of the protection of the Second Amendment. *See, e.g., United States v. Hart*, No.

23-293, 2024 WL 893335 (D. Minn. Mar. 1, 2024); *United States v. Bachmann*, No.

23-304, 2024 WL 730489 (M.D. Fla. Feb. 22, 2024); *United States v. Taylor*, No. 23-

139, 2024 WL 478041 (E.D. Va. Feb. 7, 2024); *United States v. Simien*, No. 22-379,

655 F. Supp. 3d 540 (W.D. Tx. Jan. 3, 2023).

Based on the foregoing, the Court finds that *Bruen* did not abrogate *Heller's* and *Miller*'s holding that the Second Amendment does not protect those weapons that were "not in common use at the time" of its passage and that were not "typically possessed by law-abiding citizens for lawful purposes." *Heller*, 554 U.S. at 625, 627. This in turn did not alter the Fifth Circuit's, reliance on *Heller*, when it held in *Hollis* that "[m]achineguns are dangerous and unusual and therefore not in common use. They do not receive Second Amendment protection." *Hollis*, 817 F.3d at 451. Therefore, the Court finds the Second Amendment does not protect the possession of machineguns, nor does § 922(o) infringe on Magee's right to keep arms under the Second Amendment. Since the Second Amendment's plain text does not protect Magee's conduct of possession machineguns, the Court ends its analysis there; and Magee's Second Amendment challenge is without merit.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motion (Rec. Doc. 23) is **DENIED**.

New Orleans, Louisiana, this 9th day of June, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE