UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      No. 25-03

JOEL MAGEE                                  SECTION: "J"(5)

## ORDER & REASONS

Before the Court are the following three motions filed by Defendant, Joel Magee:

(1) *Motion to Dismiss Count Three of the Indictment Under the Second Amendment* **(Rec. Doc. 24)**;

(2) *Motion to Dismiss Count Three of the Indictment Under the Commerce Clause [Foreclosed]* **(Rec. Doc. 25)**; and

(3) *Motion to Dismiss Count Three of the Indictment Under the Under the* [sic] *Fifth Amendment's Due Process Clause* **(Rec. Doc. 26)**.

The Government opposes the motions. (Rec. Doc. 29). In the instant motions, Defendant Magee seeks to dismiss Count Three of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(1) and 12(b)(3)(B). Having considered the motions and memoranda, the record, and the applicable law, the Court finds that the motions should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On January 3, 2025, Magee was charged in a four-count Indictment with various crimes. Count One charged Magee with knowingly and intentionally

possessing with the intent to distribute a quantity of a mixture or substance containing a detectable amount of tapentadol, violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Two charged Magee with knowingly possessing firearms in furtherance of a drug trafficking crime, violating 18 U.S.C. § 924(c)(1)(A)(i). Count Three charged Magee with being a felon in possession of firearms, having previously been convicted of possession with the intent to distribute marijuana in 2018, violating 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Count Four charged Magee with possession of machineguns, violating 18 U.S.C. §§ 922(o) and 924(a)(2).

The Court previously denied Magee's motion to dismiss Count Four, possession of machineguns, finding that the Second Amendment does not protect against the possession of machineguns. (Rec. Doc. 34).

In the instant motions, Magee seeks dismissal of Count Three—Felon in Possession of Firearms—pursuant to Federal Rule of Criminal Procedure 12(b)(1) and 12(b)(3)(B).

**LEGAL STANDARD**

A party may challenge an indictment for failing to state an offense pursuant to Federal Rules of Criminal Procedure 12(b), which permits a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. Proc. 12(b)(1). "The propriety of granting a motion to dismiss an indictment. . . is by and large contingent upon whether the infirmity in the persecution is essentially one of law or involves determination of fact." *U.S. v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005) (citations and internal quotations omitted).

"If a question of law is involved, then consideration of the motion is generally proper." *Id.* (citations and internal quotations omitted). "If the Court finds that after resolving the questions of law, the defendant could not be found criminally liable; the court should grant the motion to dismiss." *United States v. Kohll's Pharmacy and Homecare Inc.*, No. 17-39, 2017 WL 2951580, at *1 (W.D. La. July, 6, 2017).

## DISCUSSION

In sum, Magee argues Count Three should be dismissed because 18 U.S.C. § 922(g)(1) is unconstitutional because:

(1) pursuant to the Second Amendment, as applied to Magee, the Government cannot show that permanently disarming Magee is consistent with the principles that underpin our regulatory tradition ("Second Amendment Challenge") (Rec. Doc. 24-1, at 2);

(2) § 922(g)(1) exceeds Congress's authority under the Commerce Clause, ("Commerce Clause Challenge") (Rec. Doc. 25-1, at 2); and

(3) § 922(g)(1) "is unconstitutionally vague under the Fifth Amendment's Due Process Clause and violates the separation of powers principles," ("Vagueness Challenge") (Rec. Doc. 26-1, at 2).

The Court will address each challenge in turn.

### A. Second Amendment Challenge

Magee argues that § 922(g)(1) is unconstitutional under the Second Amendment, both facially and as applied to him. (Rec. Doc. 24-1, at 2). In support of this argument, Magee primarily relies on the Supreme Court's holding in *New York*

*State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024) and the Fifth Circuit's holding in *United States v. Diaz*, 116 F. 4th 458 (5th Cir. 2024). *Id.*

In response, the Government argues the motion should be denied, arguing Magee's facial challenge is without merit based on *Diaz*, (Rec. Doc. 29, at 1); and applying § 922(g)(1) to Magee, a drug dealer, is consistent with this Nation's history and tradition of firearm regulations. *Id.* at 11.

### i. Facial Challenge

At the outset, the Court denies Magee's facial challenge to § 922(g)(1). Fifth Circuit precedent forecloses this argument. *United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024); *United States v. Zinnerman*, No. 24-30310, 2024 WL 984605, at *1 (5th Cir. Apr. 2, 2025); *United States v. Davis*, No. 24-20258, 2025 WL 958265, at *1 (5th Cir. Mar. 31, 2025)."To sustain a facial challenge, 'the challenger must establish that no set of circumstances exists under which the statute would be valid.'" *Diaz*, 116 F. 4th at 471. (quoting *United States v. Salerno*, 481 I.S. 739, 745 (1987)). Accordingly, Magee's facial challenge fails because the Fifth Circuit has upheld the validity of § 922(g)(1).

### ii. As-Applied Challenge

The Court now address Magee's argument that § 922(g)(1) is unconstitutional as applied to him.

In *Bruen*, the Supreme Court held "that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside

the home." *Bruen*, 597 U.S. at 9. In doing so, *Bruen* abrogated the means-end scrutiny framework that the Fifth Circuit previously used to evaluate firearm regulations and adopted a two-part analysis instead *Id.* at 17. *Bruen* instructs that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* Then, under the second step of the *Bruen* analysis, the Government must demonstrate that the challenged statute or regulation is "consistent with the Nation's historical tradition of firearm regulation. *Id.* "This historical inquiry that courts must conduct will often involve reasoning by analogy. . ."*Id.* at 28. "Like all analogical reasoning, determining whether a historical regulation is a proper analogue for a distinctly modern firearm regulation requires a determination of whether the two regulations are 'relevantly similar.'" *Id.* at 28–29.

In other words, *Bruen*'s two step framework first requires that the defendant must show that the conduct being regulated falls under the ambit of the Second Amendment. If shown, the Government must then "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24. "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* at 17. (citations omitted).

As to the first *Bruen* inquiry, Magee is a person covered by the Second Amendment. *See Diaz*, 116 F.4th at 466–67. As the Fifth Circuit held in *Diaz*, "[t]he plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)." *Id.* at 467.

Turning to the second *Bruen* inquiry, the Court must consider whether the Government demonstrates that regulating Magee's possession of a firearm is 'consistent with the Nation's historical tradition' of disarming someone with a criminal history analogous to" his. *Id.* at 467. Magee's pertinent criminal history is a felony conviction for possession with intent to distribute marijuana. Thus, the Government must show that "the Nation has a longstanding tradition of disarming someone with a criminal history analogous to" Magee's. *Diaz*, 116 F. 4th at 467.

The Government relies on the historical analogues discussed in both *Diaz* and *Rahimi*, arguing that "[i]mposing permanent disarmament as a punishment for a drug dealer like Magee fits within our Nation's historical tradition and is thus appropriate." (Rec. Doc. 29, at 8–10). The Court agrees. *Diaz* explains that historical laws, authorizing capital punishment and estate forfeiture following felony convictions, were "justified by the need to adequately punish felons, deter reoffending, and protect society from those proven untrustworthy to follow the law." *Diaz*, 116 F. 4th at 469. *Diaz* also discussed historical proposals from state constitutional conventions stating that such proposals "reveal that the right to bear arms at the time was not unlimited, and that the government could prevent people who had committed crimes or were 'quarrelsome' from accessing weapons." *Id.* at 470. Further, *Diaz* considered *Rahimi's* holding that "going armed" laws punished "those who had menaced others with firearms" because such conduct "disrupted the public order and led almost necessarily to actual violence." *Id.* at 470–71. (citing to *Rahimi*, 602 U.S. at 697) (cleaned up) (internal quotations omitted).

The Court finds that the Government's reliance on the historical analogues discussed in *Rahimi* and *Diaz* satisfies the second *Bruen* inquiry. The historical analogues discussed in *Diaz* and *Rahimi* share the common objective of disarming of individuals that may pose a risk of violence or threaten public safety. *Id.* at 700; *see also United States v. Mack*, No. 24-244, 2025 WL 221808 (W.D. La. Jan. 16, 2025). Magee, a convicted drug-trafficking felon, falls within the category of those who "present a credible threat to the physical safety of others." *Rahimi*, 602 U.S. at 700 ("[O]ur tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others."). Our Nation's laws have long recognized "that drugs and guns are a dangerous combination." *Smith v. United States*, 508 U.S. 223, 240 (1993) ("When Congress enacted the current version of § 924(c)(1), it was no doubt aware that drugs and guns are a dangerous combination."). Accordingly, the Court finds that the Second Amendment does not preclude the enforcement of § 922(g)(1). Furthermore, other courts have held § 922(g)(1) constitutional as applied to defendants with prior drug-trafficking convictions that were non-violent similar to Magee. *Mack*, 2025 WL 221808, at *3–4 (holding § 922(g)(1) constitutional as applied to defendant with a prior forgery and drug possession); *United States v. Jackson*, 110 F. 4th 1120, 1125–29 (stating "[t]his historical record suggests that legislatures traditionally possessed discretion to disqualify categories of people from possessing firearms to address a danger of misuse by those who deviated from legal norms, not merely to address a person's demonstrated propensity for violence" and holding § 922(g)(1) constitutional as

applied to defendant with non-violent criminal history who had prior drug trafficking conviction); *United States v. Patino*, 758 F. Supp. 3d 664, 666 (W.D. Tx. Nov. 26, 2024) (holding § 922(g)(1) constitutional as applied to defendant with prior felony conviction for possession of marijuana).

### B. Commerce Clause Challenge

In challenging § 922(g)(1) on Commerce Clause grounds, Magee concedes such challenge is foreclosed but raised "solely to preserve it for further review." (Rec. Doc. 25-1, at 2 n.2). The Fifth Circuit, in *United States v. Seekins*, held "We have long held that § 922(g) can be constitutionally applied where the 'in or affecting commerce' element is proved by showing the firearm had previously traveled across state lines without regard to the defendant's conduct." *United States v. Seekins*, 2022 WL 3644185, at *2 (5th Cir. Aug. 24, 2022). Explaining further, the Fifth Circuit stated, "There is no additional requirement that, to apply the law constitutionally, the Government must prove some economic activity beyond the interstate movement of the weapon." *Id.* Based on the foregoing, the Court finds Magee's motion, challenging § 922(g)(1) on Commerce Clause grounds, should be denied as Magee's argument is foreclosed. The Court now moves on to address Magee's vagueness challenge.

### C. Vagueness Challenge

Lastly, Magee argues § 922(g)(1) is unconstitutionally vague, violating the Fifth Amendment's Due Process Clause and separation of powers principles. (Rec. Doc. 26-1, at 2). Specifically, Magee argues that because courts have avoided striking § 922(g)(1) in its entirety since *Bruen*—instead finding § 922(g)(1) constitutional or

unconstitutional as applied to certain felons—§ 922(g)(1) fails to provide fair notice, permitting an individual previously convicted of a crime punishable by more than a year of imprisonment to determine whether he has a right to possess firearms, leading to a vague piecemeal approach to § 922(g)(1).  (Rec. Doc. 26-1, at 5).

"A criminal statute. . . survives vagueness review if it defines the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Edwards*, 182 F.3d 333, 335 (5th Cir. 1999) (internal quotations and punctuation omitted). "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975); *see United States v. Clark*, 582 F.3d 607, 614 (5th Cir. 2009).  There is a "strong presumptive validity that attaches to an Act of Congress." *Skilling v. United States*, 561 U.S. 358 403 (2010) (internal citations omitted). Further, "statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963).

Here, § 922(g)(1) makes it "unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess any firearm or ammunition. Magee's conduct clearly falls within the conduct prohibited by § 922(g)(1) because the statute's prohibited conduct is defined with sufficient definiteness. Given §922(g)(1)'s language and the facts present, the Court

finds that an  ordinary person could understand what conduct is prohibited, giving sufficient notice that Magee's alleged conduct falls within the scope of § 922(g)(1).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motions (Rec. Docs. 24, 25, 26) are **DENIED**.


New Orleans, Louisiana, this 11th day of June, 2025.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE